Filed 11/13/14  P. v. Hutchings CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>WILLIAM JEFFREY HUTCHINGS,<br><br>　　　Defendant and Appellant. | D065639<br><br><br><br>(Super. Ct. No. SCD208810) |

APPEAL from an order of the Superior Court of San Diego County, Charles R. Gill, Judge.  Affirmed.

Athena Shudde, under appointment by the Court of Appeal, and William Jeffrey Hutchings, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Beginning in 2006, William Jeffrey Hutchings and other defendants participated in a foreclosure rescue scam.  Initially, in 2008, Hutchings was charged with one count of

conspiracy to commit grand theft (Pen. Code,[1] §§ 182, subd. (a)(1), 487, subd. (a)), 50 counts of grand theft (§ 487, subd. (a)) and 50 counts of deceitful practices by a foreclosure consultant (Civ. Code, § 2945.1, 2945.4), with special allegations that the charges involved a taking in excess of $500,000 (§ 186.11, subd. (a)(2)).[2] Pursuant to section 186.11, subdivision (d)(2), and over Hutchings's objection, the People successfully petitioned for a temporary restraining order (TRO) to freeze bank accounts controlled by Hutchings.[3]

At the outset of the case, Hutchings was represented by counsel. In 2010, during trial, Hutchings asked to represent himself. The trial court denied the request. Hutchings filed a petition for writ of mandate challenging the denial. This court granted the petition and Hutchings represented himself for the rest of the trial.

In 2010, a jury found Hutchings guilty of 160 counts including conspiracy to commit grand theft; grand theft; deceitful practices by a foreclosure consultant; and rent skimming. (Civ. Code, §§ 890, 892.) The jury found true special allegations that Hutchings took funds and property of another with the value exceeding $100,000 (§ 1203.045, subd. (a)), the aggregate losses from all charges exceeded $150,000

---

[1]    Further statutory references are to the Penal Code unless otherwise specified.

[2]    Additional counts and allegations were added later.

[3]    Section 186.11, subdivision (d)(2) allows the prosecutor to file a petition seeking injunctive relief to preserve assets. The petition is "pendent to the criminal proceeding," "maintained solely to affect the criminal remedies provided for in [section 186.11]" and not subject to the Civil Discovery Act.

(§ 12022.6, subd. (a)(2)) and the charges involved a taking in excess of $500,000 within the meaning of section 186.11, subdivision (a)(2).

Hutchings continued to represent himself at the 2010 sentencing hearing. The court sentenced him to 46 years in prison: two years for conspiracy; 63 consecutive eight-month terms for grand theft; and two years for the section 186.11, subdivision (a)(2) enhancement. The court stayed or ordered concurrent the remaining terms and dismissed the remaining enhancements in the interest of justice. The court ordered restitution, for which Hutchings and other defendants were to be jointly and severally liable, and reserved jurisdiction to set the amount of restitution. Hutchings appealed, raising a sole issue of instructional error. In 2011, this court affirmed the judgment.

In December 2012, Hutchings filed a petition for writ of habeas corpus. He contended, inter alia, that the trial court erred in denying his motion for a partial release of the assets frozen by the TRO, which effectively denied him the right to counsel of his choice. In February 2013, this court denied the petition.

The hearing to set the amount of restitution took place in November and December 2013 and January 2014. In November 2013, Hutchings asked to continue his self-representation. Following a *Faretta/Lopez* advisement, inquiry and waiver, the court granted the request. Hutchings claimed that the deputy district attorney had not produced discovery concerning notice by publication of the petition for TRO. (§ 186.11, subd. (d)(3).) The court asked the deputy district attorney to make printouts of digital discovery and give the printouts to Hutchings. The court told Hutchings to inform the

court, at the next hearing in December, whether he had had sufficient time to review the printouts.

In December 2013, one week before the hearing, Hutchings filed a motion to vacate the TRO and sentence. Hutchings argued that the deputy district attorney had made misstatements to the court designed to impede Hutchings's ability to retain counsel, resulting in the issuance of the TRO despite noncompliance with the notice requirements of section 186.11, subdivision (d)(3). Hutchings also argued the claims for restitution were untimely because documents he received in response to the November discovery order included letters of notice of restitution dated April 30, 2012 (23 months after trial), and there was no evidence of notice by publication. The deputy district attorney filed opposition to Hutchings's motion, arguing the sentence was legally authorized and therefore not subject to modification and that the notice requirements had been met, as the court had found in 2009.

At the December 2013 hearing, the court made a tentative ruling to grant restitution in the amount requested by the deputy district attorney. Recognizing that Hutchings had not had the opportunity to review all of the documents the deputy district attorney had provided, the court set a hearing in January 2014 to allow Hutchings the opportunity to meet his burden of challenging the amount in the tentative ruling. The court denied Hutchings's motion to vacate the TRO and sentence, noting the judgment had been affirmed, the court lacked jurisdiction to grant the requested relief and the motion lacked merit.

At the January 2014 hearing, Hutchings complained he had not received a chart summarizing the total amount available for restitution. The court stated that the chart had been included in the deputy district attorney's notice and proposal for restitution orders, filed in November 2013. Hutchings insisted that he did not have the chart and claimed he had not received notice of the January hearing. The court stated that it had previously ruled on that matter, then told Hutchings that unless he wanted to set a date for an evidentiary hearing immediately, it would adopt the deputy district attorney's recommendation and retain jurisdiction, and that in the future Hutchings could set a hearing if he believed he had evidence to challenge the deputy district attorney's proposal. The court adopted the People's recommendation for restitution in the amount of $734,377 and retained jurisdiction to reduce or increase that amount. Hutchings appeals the January 2014 order. We affirm.

DISCUSSION

Appointed appellate counsel has filed a brief summarizing the facts and proceedings below. Counsel presents no argument for reversal, but asks this court to review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel mentions as possible but not arguable issues (1) whether Hutchings's *Faretta* waiver (*Faretta v. California* (1975) 422 U.S. 806) for the restitution hearing was knowingly, voluntarily and intelligently entered upon execution of his *Lopez* waiver (*People v. Lopez* (1977) 71 Cal.App.3d 568) and the court's inquiry; (2) whether there was a violation of Hutchings's restitution hearing due process rights based on lack of notice or an

5

opportunity to be heard; (3) whether the record on appeal demonstrates an objection sufficient to preserve the right to challenge restitution on appeal; (4) assuming there was no forfeiture, whether the method of calculation or the amount of restitution constituted an abuse of discretion; and (5) whether the court properly denied Hutchings's motion to vacate the TRO and sentence and whether denial of the motion is appealable.

We granted Hutchings permission to file a brief on his own behalf. He has done so and makes the following contentions: (1) the deputy district attorney willfully failed to comply with the notice requirements of section 186.11, depriving Hutchings of his Fifth and Fourteenth Amendment rights; (2) there were no responses to the 2009 notice by publication of the petition for TRO and no notice sent to known claimants until April 30, 2012, so the court was precluded from ordering the frozen assets distributed as restitution; (3) the deputy district attorney committed perjury from 2008 to December 2013, and this, coupled with noncompliance with the notice requirements of section 186.11, deprived Hutchings of his Sixth Amendment right to the counsel of his choice; (4) at the restitution hearing, the deputy district attorney falsely asserted that he had given restitution discovery to Hutchings before the November 2013 discovery order; and (5) the court erred by denying Hutchings's December motion to vacate the TRO and sentence. As noted above, that motion included contentions the deputy district attorney made misstatements to the court designed to impede Hutchings's ability to retain counsel, and resulted in the issuance of the TRO which was defective because of noncompliance with the notice requirements; and assertions the claims for restitution were untimely.

6

Hutchings cannot now object to matters that occurred before his trial and sentence. (See *In re Harris* (1993) 5 Cal.4th 813, 825, fn. 3 [generally, defendant cannot raise an issue in a postappeal habeas corpus petition if the issue could have been, but was not, raised in the appeal].) Thus, he is precluded from making contentions related to the TRO proceedings, including noncompliance with notice requirements, untimeliness of claims for restitution, denial of discovery and misstatements by the deputy district attorney. The contention that perjury by the deputy district attorney was a factor in depriving Hutchings of his right to counsel also relates to matters before trial and sentence. To the extent this contention may relate to later proceedings, we note that in February 2013, this court denied Hutchings's petition for writ of habeas corpus, in which he also asserted a denial of the right to counsel. Additionally, at the restitution hearing Hutchings asked to continue his self-representation. The ensuing *Faretta/Lopez* advisement, inquiry and waiver were valid.

Nor may Hutchings now challenge the January 2014 restitution order. He was present throughout the restitution hearing and the record does not show any lack of notice. The court offered Hutchings ample time to review documents provided by the deputy district attorney and to object to the proposed restitution amount. Hutchings never objected to the proposed amount. The court said it would allow Hutchings "to set a date right now for [an] evidentiary hearing." Hutchings did not respond. Because Hutchings did not object at the restitution hearing to the amount of restitution, he has forfeited his right to object in this appeal. (*People v. Garcia* (2010) 185 Cal.App.4th 1203, 1218.)

7

Furthermore, Hutchings is incorrect in complaining that the claims for restitution were untimely. He has attached to his supplemental brief a copy of what appears to be a letter dated April 30, 2012, from the Office of the District Attorney to a potential victim, asking for information about "your losses." It is impossible to tell whether the letter was in response to a claim by the addressee, or whether the addressee had not yet made a claim. Moreover, section 186.11, subdivision (d)(6) states: "Any person claiming an interest in the protected property may, at any time within 30 days from the date of the first publication of the notice of the petition, *or within 30 days after receipt of actual notice*, file with the superior court . . . a verified claim stating the nature and amount of his or her interest in the property or assets."

To the extent Hutchings complains that he was denied discovery, as noted above, the Civil Discovery Act does not apply in section 186.11, subdivision (d)(2) proceedings. In any case, the record does not show any discovery denial. Indeed, at the restitution hearing, the court granted the deputy district attorney's request that the court clerk copy, for Hutchings, a document Hutchings claimed not to have received. Finally, the record does not show any misstatements by the deputy district attorney.

A review of the record pursuant to *Wende* and *Anders*, including the possible issues listed pursuant to *Anders*, has disclosed no reasonably arguable appellate issues. Hutchings has been competently represented by appellate counsel.

8

DISPOSITION

The order is affirmed.

HALLER, J.

WE CONCUR:

HUFFMAN, Acting P. J.

AARON, J.